UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALRTON PALMER, | No. 2:16-cv-1528 MCE CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend summary dismissal of the complaint.

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10      In order to avoid dismissal for failure to state a claim a complaint must contain more than
11 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
12 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
13 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
14 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
15 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
16 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
18 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
19 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
20 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
21 U.S. 232, 236 (1974).
22 III.  Discussion
23      This action proceeds on the complaint filed July 5, 2016, naming California Correctional
24 Health Care Services (CCHCS) and the California Department of Corrections and Rehabilitation
25 (CDCR) as defendants.  ECF No. 1.  Plaintiff alleges that defendants breached the confidentiality
26 of his medical records in violation of the Fourth Amendment to the U.S. Constitution.  Id. at 4.
27 He claims that this breach placed him at extreme risk of identity theft.  Id.  Plaintiff references a
28 letter from CCHCS informing plaintiff of a "potential breach" of his information on February 25,

1  2016, when an unencrypted laptop was stolen from a CCHCS staff person's vehicle.[1]  Although
2  not encrypted, the laptop was password protected.  Plaintiff seeks monetary relief under
3  California Civil Code § 56.36 and Health and Safety Code § 1280.15.  Id. at 6.  He asserts that
4  administrative remedies are unavailable for this issue.  Id. at 3.

5  First, plaintiff is required to establish standing for each claim he asserts.  DaimlerChrysler
6  Corp. v. Cuno, 547 U.S. 332, 352 (2006).  If a plaintiff has no standing, the court has no subject
7  matter jurisdiction.  Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980)
8  ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to
9  determine if we have jurisdiction.").  There are three requirements that must be met for a plaintiff
10 to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally
11 protected interest which is both concrete and particularized and actual or imminent; (2) there must
12 be a causal connection between the injury and the conduct complained of; and (3) it must be
13 likely that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife,
14 504 U.S. 555, 560-61 (1992); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835, 847
15 (9th Cir. 2001) (en banc).  Here, plaintiff has not shown he has standing to sue because the
16 complaint demonstrates only that the theft of the state's laptop has the potential to injure plaintiff.
17 Plaintiff alleges no actual misuse of his personal information stemming from the theft.

18 Second, both CDCR and CCHCS, as California agencies, are immune from suits for
19 damages under the Eleventh Amendment.  Dittman v. California, 191 F.3d 1020, 1025-26 (1999).

20 Finally, the complaint fails to state a claim for violation of the Fourth Amendment, which
21 governs the reasonableness of government searches and seizures.  Here, no government search or
22 seizure is alleged.  Nor does the complaint state a claim under the Due Process Clause, which
23 protects prisoners from being deprived of property without due process of law.  Wolff v.
24 McDonnell, 418 U.S. 539, 556 (1974).  "It is well established that negligent conduct is ordinarily
25 not enough to state a claim alleging a denial of liberty or property under the Fourteenth
26 Amendment.  See Doe v. Beard, 2014 WL 3507196, *6 (C.D. Cal. July 14, 2014), citing Daniels

---

[1] It appears plaintiff meant to attach a copy of the letter to his complaint, but he did not.  A copy of the letter may be found attached to the complaint in 2:16-cv-1537 JAM CKD P (ECF No. 1).

1  v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he
2  Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an
3  official causing unintended injury to life, liberty or property. In other words, where a government
4  official is merely negligent in causing the injury, no procedure for compensation is
5  constitutionally required.").

IV.  No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff lacks standing, defendants are immune from liability for monetary damages and plaintiff's allegations show only speculative injury.  As it appears amendment would be futile, the undersigned will recommend that this action be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

IT IS HEREBY RECOMMENDED that the complaint be dismissed without prejudice and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

4

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 30, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
palm1528.lptp